THE STATE, JOHN KENNEY, PROSECUTOR, v. JAMES H. O'NEILL, SURROGATE OF HUDSON COUNTY.

The act (*Pamph. L.* 1889, *p.* 90) which provides that all fees authorized to be paid into court for the services of the Common Pleas judges, in counties where there are law judges receiving salaries in lieu of fees, shall be divided between the lay judges, does not include fees for the services of a law judge paid under a special act providing fees for his services only.

On return to a rule to show cause why a writ of *mandamus* should not issue to compel the surrogate of Hudson county

to pay to John Kenney, a lay judge of the Court of Common Pleas of said county, certain fees remaining in the hands of the said surrogate.

Argued at November Term, 1893, before Justices DEPUE, VAN SYCKEL and REED.

For the rule, *Allan L. McDermott.*

*Contra, John A. McGrath.*

The opinion of the court was delivered by

REED, J. The fees which are the subject-matter of this rule are those which were formerly payable to the law or presiding judge of the Hudson County Orphans' Court. How these fees accrued, and how they now happen to be in the hands of the surrogate, will appear from a statement of the following legislation:

The law judgeship in Hudson county was created by the act of 1868. *Pamph. L., p.* 363. He was to receive a salary and no fees. By a supplement (*Pamph. L.,* 1870, *p.* 280) it was provided that the president judge should receive for every trial in the Orphans' Court where there were adverse parties, the sum of $2, and for every decree upon settlement of an account, the sum of $4.

By an act (*Pamph. L.* 1879, *p.* 332) a salary was fixed in lieu of all fees, per diem or other remuneration. It was provided that "all fees to which such judges are now entitled shall be paid into the treasury of said counties respectively." By acts (*Pamph. L.* 1886, *p.* 352; *Pamph. L.* 1891, *p.* 133; *Pamph. L.* 1893, *p.* 433) the salary was increased, but was still to be in lieu of all fees.

By an act (*Pamph. L.* 1881, *p.* 59) it is provided that all fees due to any judge shall be paid to the clerk of the court, to be paid over by him to such judge; and it is further provided that if any of the judges of said court shall be in receipt of a fixed salary allowed by law in lieu of all fees, it shall be

the duty of the clerk to pay over to the collector, for the use of the county, all fees received for services performed by such salaried judges.

Under the act, the surrogate, as clerk of the Orphans' Court, received during the year ending April, 1893, the sum of $1,200 as fees for services performed by the president or law judge of the Orphans' Court. By the terms of the act he is directed to pay this sum, which he still retains to await the result of this proceeding, over to the county collector.

The relator claims that this sum of $1,200 should be equally divided between him and the other lay judge of the said court. He grounds his claim upon the provisions of an act of 1889. *Pamph. L., p.* 90.

This act, in its first section, enacts that "hereafter all such fees as are authorized by law to be paid into court for the services of the Common Pleas judges, in counties where there are law or president judges receiving salaries in lieu of fees, shall be equitably divided between the lay judges, except in counties where the lay judges also receive stipulated salaries in lieu of fees."

The question of statutory construction is whether the fees now in the hands of the surrogate are such fees as the act requires to be divided among the lay judges.

I am of the opinion that they are not. The fees mentioned in the act are those paid in for the services of the Common Pleas judges. The fees held by the surrogate are not received for services of the Common Pleas judges, but for the special services of the president judge alone. They are not court fees receivable under the general fee-bill, and which by the act (*Rev., p.* 467) were to be divided between the judges who were in attendance when the services were rendered.

They are fees paid under a special act, for the services of one who was treated as occupying, by reason of his legal learning, a position of exceptional value and responsibility, and for whom a special fee-bill was enacted.

I think that the act would apply more appropriately to

those general court fees in the division of which a president judge must participate, unless cut off by statute.

For this reason, I think the writ should not go. This view renders it unnecessary to discuss the constitutionality of the act, which would raise the question whether counties in which the act operates form a class, and whether an act which increases the perquisites of county judges according to a fee-bill contained in a special act applicable to one county, is general legislation.

Rule discharged.